UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARLON TAASAN and FEBES TAASAN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., an entity doing business in California; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE), an entity doing business in California, form unknown; MTC FINANCIAL, INC., DBA TRUSTEE CORPS., INC. DBA TRUSTEE CORPS., an entity doing business in California, form unknown; and DOES 1-25, inclusive,<br><br>Defendants. | No. 2:18-cv-00698 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND AND MOTIONS TO DISMISS |

----oo0oo----

Marlon Taasan and Febes Taasan ("plaintiffs") initiated this lawsuit against JPMorgan Chase Bank, N.A. ("Chase"), Federal National Mortgage Accusation ("Fannie Mae"), and MTC Financial, Inc. dba Trustee Corps. ("Trustee") asserting various California state law causes of action related to an allegedly wrongful

1

foreclosure.  Presently before the court are plaintiffs' Motion for Remand (Docket No. 13), Chase and Fannie Mae's Motion to Dismiss (Docket No. 15), and Trustee's Motion to Dismiss (Docket No. 17).

I.   Motion to Remand

Generally, jurisdiction is a preliminary matter that should be resolved before all others.  Smith v. Mail Boxes, Etc., 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002)("[J]urisdictional issues should be resolved before the court determines if a stay is appropriate.").  Accordingly, the court will first address plaintiffs' Motion to Remand.

A.   Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  On a motion to remand, the defendant bears the burden of showing by a preponderance of the evidence that federal jurisdiction is appropriate.  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal citation omitted).

B.   Discussion

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  To satisfy the requirements for

2

complete diversity, "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

Plaintiffs initiated this case in the Solano County Superior Court on February 9, 2018. (Notice of Removal (Docket No. 1).) It is undisputed that plaintiffs and defendant Trustee are both citizens of California, while Fannie Mae is a citizen of the District of Columbia and Chase is a citizen of Ohio. (Id. ¶¶ 8-11.) All parties agree that the amount in controversy exceeds $75,000. On March 29, 2018 Chase and Fannie Mae removed this action to this court on the basis of diversity jurisdiction. Plaintiffs argue that the presence of Trustee destroys complete diversity and thus precludes removal. Defendants Chase and Fannie Mae contend that the court should disregard Trustee as a fraudulently joined and nominal defendant. (Id. ¶ 11.)

### 1. Fraudulent Joinder

Under the fraudulent joinder doctrine, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Princess Cruises, Inc., 236 F.3d at 1067 (internal citation omitted). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse

party in state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal citation omitted).

Fraudulent joinder is established the second way if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter, 582 F.3d at 1046 (internal citation omitted). A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." (Id.) (internal citation omitted). "In determining whether a defendant was joined fraudulently, the court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute v. Roadway Package System, Inc., 141 F.Supp.2d 1005, 1008 (internal citation omitted).

In the First Amended Complaint, plaintiffs allege that Trustee did not have authority to record the Notice of Default and Notice of Trustee's sale, or to conduct the foreclosure sale at all, and yet nonetheless did so without the requisite authority. (First Amended Compl. ("FAC") (Docket No. 9) ¶¶ 34-35.) Plaintiffs further allege that Trustee issued and caused to be recorded a Trustee's Deed Upon Sale in the office of the Recorder, Solano County, again without the authority to do so. (Id. ¶ 36.)

4

The Supreme Court of California has declared that a plaintiff may have a viable cause of action for wrongful foreclosure when he properly alleges that a foreclosing party did not have the authority to foreclose. Yvanova v. New Century Mortg. Cop., 62 Cal. 4th 919 (2016). Similarly, in Sciarratta v. U.S. Bank Nat'l Ass'n, the court found that a plaintiff that alleged that the foreclosing party did not have the right to do so had stated a viable wrongful foreclosure claim. 247 Cal. App. 4th 552 (4th Dist. 2016). Thus, plaintiffs have asserted a potentially viable cause of action against Trustee for wrongful disclosure.[1]

Plaintiffs also specifically allege that Trustee committed fraud and violated California Business and Professions Code § 17200 and Civil Code § 2924.17 during the foreclosure process. California Civil Code § 2924.12(b), which provides the private right of action for the alleged violations in plaintiffs' complaint, provides that "[a]fter a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, [or] trustee . . . shall be liable to a borrower for actual economic damages . . . resulting from a material violation by that mortgage servicer, mortgagee, [or] trustee . . . where the violation was not corrected and remedied prior to the recordation of the trustee's

---

[1] The standard for a motion to dismiss pursuant to 12(b)(6) is different than the standard used to determine whether a party has been fraudulently joined. GranCare v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018) ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). The court's conclusion that plaintiffs could have a viable claim against Trustee should not be construed as holding that plaintiffs' claims would, at this point, survive a motion to dismiss.

deed upon sale." Cal. Civ. Code. § 2924.12(b). If the court later determines "that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower" damages. (Id.)

This statutory language indicates that the California Legislature intended for a plaintiff to be able to name a non-judicial foreclosure trustee as a proper party in cases involving a violation of these statutes. Recent cases within this circuit support this theory and plaintiffs' contention that Trustee was not fraudulently joined. For example, in Pardo v. Sage Point Lender Servs. LLC, the court determined that a trustee was not fraudulently joined when the plaintiffs alleged that the trustee had acted improperly in the foreclosure process. 2014 WL 3503095 (S.D. Cal. July 14, 2014); see also Midgette v. Wells Fargo, No. 17-cv-1526 FMO PJWX, 2017 WL 1380399 (C.D. Cal. April 14, 2017) (remanding case where plaintiff alleged a non-judicial foreclosure trustee violated the California Homeowners Bill of Rights after citing multiple cases in which courts determined that trustee accused of violating California foreclosure statutes cannot be found to be fraudulently joined); Dejillo v. Wells Fargo Bank, N.A., No. 5:15-cv-3080 RMW, 2015 WL 5187344 at *2 (N.D. Cal. Sept. 4, 2015) (noting that other courts have found trustees not fraudulently joined); Daniels v. Wells Fargo Bank, N.A., No. 12-cv-5289 PSG FMOX, 2012 WL 10649202, (C.D. Cal. Sept. 11, 2012) (noting that because several claims were directed toward all defendants collectively, trustee "could potentially be

held liable either under a conspiracy theory or for the claims aimed at Defendants collectively").

In this case, when viewed in the light most favorable to plaintiffs, the complaint at least implies that Trustee improperly initiated foreclosure proceedings by recording foreclosure documents without providing plaintiffs with the required opportunity to cure their defects or obtain a modification. (See FAC ¶¶ 15, 30-36.) Thus, as this court has previously held under similar facts, "[t]he potential for Plaintiff to state a viable claim against [the trustee], although narrow, is enough to raise doubt regarding to propriety of removal." Moore v. Wells Fargo Bank, N.A., No. 2:16-cv-566 WBS, CKD, 2016 WL 3091087 at *6 (E.D. Cal. June 2, 2016), citing Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1063-64 (C.D. Cal. 2012). Accordingly, Chase and Fannie Mae have not proven by "clear and convincing evidence" that plaintiffs do not have a colorable claim against Trustee, and thus the court concludes that Trustee was not fraudulently joined. See Hamilton Materials Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles, 845 F. Supp. 2d at 1063 ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original).

    2.   Nominal Defendant

Chase and Fannie Mae also argue that the court should disregard Trustee as a "nominal party," that is, a party whose role is limited to that of a stakeholder. Hewitt v. Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986). Nominal parties are those "with nothing at stake . . . despite the propriety of their technical joinder." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002). When evaluating whether diversity jurisdiction is present, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980).

Defendants claim that Trustee has no financial interest in the property and that its only involvement was with the foreclosure proceedings, part of its ministerial role under the Deed of Trust. (Defs.' Opp'n (Docket No. 23) at 2.) As this court has previously held, however, "a party's 'status as a trustee is not itself sufficient to render it a nominal party.'" Moore, 2016 WL 3091087 at * 5, citing Natividad v. Ocwen Loan Servicing, LLC, No. 2:14-cv-1670 MCE DAD, 2014 WL 6611054, at *4 (E.D. Cal. Nov. 19, 2014). This court further explained that "[a] trustee is not considered a nominal party if the plaintiff pleads substantive allegations against and seeks to recover money damages from the trustee." (Id.) In this case, plaintiffs specifically allege that Trustee, together with the other defendants, engaged in acts to improperly initiate foreclosure. Most importantly, plaintiffs here are seeking monetary damages against Trustee. "These and other allegations of the Complaint clearly demonstrate that [plaintiffs'] claims against [the

trustee] are not merely predicated on its ministerial role as [] trustee." Midgette, 2017 WL 1380399 at *3 (citing Gomez v. Wells Fargo Bank, N.A., No. 15-cv-2996 SBA, 2015 WL 4592060, *2 (N.D. Cal. 2015). Accordingly, Fannie Mae and Chase have failed to show that Trustee is a nominal party. Couture v. Wells Fargo Bank, N.A., No. 11-cv-1096 IEG CAB, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011) (finding that trustee was not a nominal party where the "complaint makes substantive allegations and asserts claims for money damages against" trustee).

In further support of their argument, Fannie Mae and Chase also point to the fact that plaintiffs did not file an objection to the Declaration of Nonmonetary Interest within the 15-day statutory period. (Defs.' Opp'n at 2.) However, the state statute allowing for declarations of non-monetary status does not render a defendant a sham defendant or a purely nominal party. See Cal. Civ. Code § 29241(e). In fact, multiple California courts have determined that the filing of a declaration of non-monetary status has no bearing on determining the citizenship of a foreclosure trustee. See, e.g., Hershcu v. Wells Fargo Bank, N.A., No. 12-cv-96 BEN BLM, 2012 WL 439698, *2 (S.D. Cal. Feb. 10, 2012) ("The citizenship of [defendant] may not be ignored for diversity purposes because it has filed a Declaration of Non-Monetary Status."); Sublett v. NDEX W., LLC, No. 11-cv-185 WMC, 2011 WL 663745, at *2 (S.D. Cal. Feb. 14, 2011)(explaining that "defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive"). Thus, the mere fact that a

9

declaration of non-monetary status has been filed is not sufficient to convince the court that Trustee is a nominal party.

Accordingly, although the court recognizes that "the trustee on a deed of trust is often a nominal party," Silva v. Wells Fargo Bank NA, No. 11-cv-3200 GAF JCGX, 2011 WL 2437514, at *5 (C.D. Cal. June 16, 2011), because the complaint in this case makes substantive allegations against Trustee, it is not a nominal defendant. Because Trustee is not a nominal party and was not fraudulently joined, its citizenship is considered in the determination of diversity jurisdiction. Thus, there was no diversity jurisdiction over this action at the time of removal because both plaintiffs and Trustee are citizens of California.

### C. Attorneys' Fees

If a case is improperly removed, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of attorneys' fees may be appropriate where removal has been "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "the standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005).

However, removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Here, the court concludes that Chase and

Fannie Mae's removal was not so unreasonable as to warrant a sanction of attorneys' fees, and denies plaintiffs' request.

    IT IS THEREFORE ORDERED that plaintiffs' Motion to Remand (Docket No. 13) be, and the same hereby is, GRANTED; and this matter is hereby REMANDED to the Superior Court of the State of California, in and for the County of Solano. This court accordingly has no reason to address defendants' Motions to Dismiss. The court will not award attorneys' fees.

Dated: August 20, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE